CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHAUNCEY CHANDLER,<br>    Plaintiff,<br><br>v.<br><br>WARDEN AND OFFICERS, *et al.*,<br>    Defendants. | Civil Action No. 7:24-cv-00650<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| CHAUNCEY CHANDLER,<br>    Plaintiff,<br><br>v.<br><br>ABINGDON REGIONAL JAIL, *et al.*,<br>    Defendants. | Civil Action No. 7:24-cv-00651<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Chauncey Chandler, a Virginia inmate proceeding *pro se*, has filed these two civil rights actions pursuant to 42 U.S.C. § 1983. They are before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that both complaints fail to state a claim, and the court will issue orders of dismissal.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a

claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Applying these standards to Chandler's complaints, the court concludes that they do not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The court considers both complaints together because the allegations are largely the same. In the first action (the '650 case), plaintiff alleges that he is being charged a dollar a day while he is at the Southwest Regional Jail. (*See* Compl.) He also complains that "they don't have me in any program while I can earn my 65% for time credit, they will not allow me to work to earn time or a little money to buy . . . anything." (*Id.* at 4.) In the second action (the '651 case), plaintiff asserts that the $1.00/day charge constitutes cruel and unusual punishment. (*See* Compl.) He "never sign a contract to agree with this type of charge" and he is now $438 in debt. (*Id.* at 4.) As a result, plaintiff alleges that he cannot buy soap and he has had a nervous breakdown. (*See id.*)

Plaintiff's complaint about being charged a fee by the jail is legally insufficient. Prisons and jails are entitled to charge inmates for necessities and medical care. *See White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004). An Eighth Amendment violation only occurs if the prison or jail conditions the right to receive necessary care or necessities on the payment of such fees. *See Wilson v. Thompson*, Civil Action No. 5:13CV-P21-R, 2013 WL 3423756, at *3 (W.D. Kent. July 8, 2013). Plaintiff fails to make such an allegation. *See Waters v. Bass*, 304 F. Supp. 2d 802, 807–08 (E.D. Va. 2004) (dismissing challenge to one dollar per day room and board fee because plaintiff did not "identify how the . . . fee program deprives him of his basic human

needs").

Further, to the extent that plaintiff is challenging his inability to earn good time credits, inmates do not have a protected liberty interest in earning such credits. *See West v. Angelone*, 165 F.3d 22, 1998 WL 746138, at *1 (4th Cir. 1998) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level . . ."); *Mill v. Holmes*, 95 F. Supp. 3d 924, 931–34 (E.D. Va. 2015) (finding that "maintaining a particular . . . earning level" for good conduct "is not a protected liberty interest in Virginia").

For the foregoing reasons, the court will summarily dismiss these complaints, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state any actionable claims. In consideration of plaintiff's status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state an Eighth Amendment claim, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, and only against the proper defendants, if he so chooses.

Appropriate orders will be entered.

Entered: January 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge